UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RALPH ALTRO,

    Plaintiff,

v.                                             Case No.  5:11-cv-45-Oc-TBS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

## ORDER

Pending before the Court is Plaintiff's Amended EAJA Petition For Attorney Fees (Doc. 28).  On November 10, 2011, the Court entered an Order reversing and remanding this cause back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 20.)  On November 14, 2011, the Clerk entered Judgment. (Doc. 21.)  On February 8, 2012, Plaintiff filed his original Petition for fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), in which he sought an award of fees in the amount of $4,585.72.  (Doc. 22).  The Commissioner filed an objection arguing that the compensable attorney time should be reduced by 2.80 hours, resulting in an award of fees in the amount of $4,258.91.  (Doc. 26).  Now, in his Amended Petition, Plaintiff has agreed that this reduced fee is both reasonable and appropriate.

Plaintiff asserts that he is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified and

that his net worth at the time proceeding was filed was less than two million dollars.[1]

Plaintiff has filed a schedule of hours confirming the attorney hours. (Doc. 22-1).

Pursuant to the provisions of the EAJA, Plaintiff's Amended EAJA Petition For Attorney Fees (Doc. 28) is hereby **GRANTED**.  Plaintiff is awarded attorney's fees in the amount of **$4,258.91.**

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on March 1, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel

---

[1]  Under the EAJA, a claimant is eligible for an attorney fee award where:  (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.  28 U.S.C. § 2412(d).